UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| SHALONA R. JETHROE MOORE GIBBON, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Cause No. 2:20-CV-72-HAB ) |
| ANDREW W. SAUL, Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter comes before the Court on Plaintiff's Brief in Support of Reversing the Decision of the Commissioner of Social Security (ECF No. 16). Defendant Andrew W. Saul, Commissioner of Social Security (the "Commissioner"), filed his response (ECF No. 19) and Plaintiff has filed a reply (ECF No. 22). This matter is now ripe for review.

**A.    Procedural History**

On October 10, 2016, Plaintiff filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning December 15, 2015. The application was denied initially and on reconsideration. Thereafter, Plaintiff filed a written request for hearing before an administrative law judge. That hearing occurred on August 9, 2018.

ALJ Marc Jones issued his Decision (R. 32–42) on November 9, 2018, finding that Plaintiff was not disabled. Plaintiff sought review of the Decision with the Appeals Council, which request was denied. Plaintiff then initiated the instant cause of action for judicial review.

**B.    Legal Analysis**

**1.    *Standard of Review***

A claimant who is found to be "not disabled" may challenge the Commissioner's final decision in federal court. This Court must affirm the ALJ's decision if it is supported by substantial evidence and free from legal error. 42 U.S.C. § 405(g); *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002). Substantial evidence is "more than a mere scintilla of proof." *Kepple v. Massanari*, 268 F.3d 513, 516 (7th Cir. 2001). It means "evidence a reasonable person would accept as adequate to support the decision." *Murphy v. Astrue*, 496 F.3d 630, 633 (7th Cir. 2007); *see also Diaz v. Chater*, 55 F.3d 300, 305 (7th Cir. 1995) (substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (citation and quotations omitted).

In determining whether there is substantial evidence, the Court reviews the entire record. *Kepple*, 268 F.3d at 516. However, review is deferential. *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). A reviewing court will not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003) (quoting *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000)).

Nonetheless, if, after a "critical review of the evidence," the ALJ's decision "lacks evidentiary support or an adequate discussion of the issues," this Court will not affirm it. *Lopez*, 336 F.3d at 539 (citations omitted). While the ALJ need not discuss every piece of evidence in the record, he "must build an accurate and logical bridge from the evidence to [the] conclusion." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). Further, the ALJ "may not select and discuss only that evidence that favors his ultimate conclusion," *Diaz*, 55 F.3d at 308, but "must confront the evidence that does not support his conclusion and explain why it was rejected," *Indoranto v.*

*Barnhart*, 374 F.3d 470, 474 (7th Cir. 2004). Ultimately, the ALJ must "sufficiently articulate his assessment of the evidence to assure" the court that he "considered the important evidence" and to enable the court "to trace the path of [his] reasoning." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993) (quoting *Stephens v. Heckler*, 766 F.2d 284, 287 (7th Cir. 1985) (internal quotation marks omitted)).

**2.    *The ALJ's Decision***

A person suffering from a disability that renders her unable to work may apply to the Social Security Administration for disability benefits. *See* 42 U.S.C. § 423(d)(1)(A) (defining disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months"). To be found disabled, a claimant must demonstrate that her physical or mental limitations prevent her from doing not only her previous work, but also any other kind of gainful employment that exists in the national economy, considering her age, education, and work experience. § 423(d)(2)(A).

If a claimant's application is denied initially and on reconsideration, she may request a hearing before an ALJ. *See* 42 U.S.C. § 405(b)(1). An ALJ conducts a five-step inquiry in deciding whether to grant or deny benefits: (1) whether the claimant is currently employed, (2) whether the claimant has a severe impairment, (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling, (4) if the claimant does not have a conclusively disabling impairment, whether she has the residual functional capacity to perform her past relevant work, and (5) whether the claimant is capable of performing any work in the national economy. *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

3

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 15, 2015. At step two, the ALJ determined that Plaintiff suffered from the following severe impairments: depression, major joint disfunction of the right knee, obesity, and spine disorder. The ALJ also determined that Plaintiff suffered from the non-severe impairment of carpal tunnel syndrome. The ALJ concluded, at step three, that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. In reaching this conclusion, the ALJ considered the following listing: 1.02 (major disfunction of a joint); 1.04 (disorders of the spine); and 12.04 (mental impairments).

At step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) except the claimant can lift, carry, push, or pull only up to 5 pounds. The claimant can frequently handle and finger with both hands. The claimant can never climb ramps and stairs, never climb ladders, ropes, or scaffolds, never kneel, never crawl, and never work at unprotected heights. The claimant can occasionally balance, stoop, and crouch, bust she cannot repetitively bend at the waist. The claimant must use a medically necessary cane at all times while walking. Every 60 minutes, the claimant must be allowed to shift positions, or alternate between sitting and standing for one to two minutes at a time while remaining on task. The claimant is limited to simple, routine tasks.

(R. 36). At step five, the ALJ concluded that Plaintiff could not perform any past relevant work. However, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform and, as a result, she was not disabled.

**3.**     ***The ALJ Failed to Build an Adequate Logical Bridge to Support the RFC***

Plaintiff raises two allegations of error, but the Court finds one dispositive. Dr. William Payne, Plaintiff's treating physician, found that Plaintiff was unable to work during three different periods from October 27, 2016, through August 28, 2018. However, for approximately one month from April 27, 2018, through May 22, 2018, Dr. Payne concluded that Plaintiff could work with

4

certain limitations. The ALJ gave little weight to the off-work findings but gave great weight to the functional limitation assigned by Dr. Payne. The Court agrees with Plaintiff that the ALJ's analysis of Dr. Payne's opinions was insufficient, requiring remand.

Dr. Payne's opinion was entitled to deference as a treating source. For claims filed before March 27, 2017, as this claim was, the Social Security Administration gives substantial deference to the opinions of treating experts. Indeed, a treating source's opinion must be given controlling weight if it is "well-supported" and "not inconsistent with the other substantial evidence" in the record. 20 C.F.R. § 404.1527(c)(2); *see Scott v. Astrue*, 647 F.3d 734, 739 (7th Cir. 2011); *Punzio v. Astrue*, 630 F.3d 704, 710 (7th Cir. 2011); *Campbell v. Astrue*, 627 F.3d 299, 306 (7th Cir. 2010). An ALJ must offer "good reasons" for discounting the opinion of a treating source. *Scott*, 647 F.3d at 739; *Martinez v. Astrue*, 630 F.3d 693, 698 (7th Cir. 2011); *Campbell*, 627 F.3d at 306. "Even if an ALJ does not give a treating physician's opinion controlling weight, the regulations still require him to consider the length, nature, and extent of the treatment relationship, frequency of examination, the physician's specialty, the types of tests performed, and the consistency and supportability of the physician's opinion." *Hofslien v. Barnhart*, 439 F.3d 375, 377 (7th Cir. 2006); *Scott*, 647 F.3d at 740; *Moss v. Astrue*, 555 F.3d 556, 561 (7th Cir. 2009) (citing 20 C.F.R. § 404.1527(d)(2)). No such consideration took place in this case. Rather, the entirety of the ALJ's evaluation of Dr. Payne's opinions is a single, six-line paragraph that does little other than make conclusory assertions. (R. 39).

The list of factors in § 404.1527 does not exist to occupy space. Indeed, even if an ALJ articulates a good reason for refusing to give a treating source controlling weight, remand can be based on the ALJ's failure to discuss the "required checklist of factors." *Larson v. Astrue*, 615 F.3d 744, 750–51 (7th Cir. 2010). Here, the ALJ failed to consider any factors other than the consistency

of Dr. Payne's opinion. True, this is one of the most important factors. However, the Commissioner points to no authority that permits the ALJ to consider this factor to the exclusion of the others.

To further support the cherry picking of Dr. Payne's opinions, the ALJ relied on the fact that the off-work opinions were "an issue reserved for the Commissioner" under 20 C.F.R. § 404.1527(d). It is true that a statement by a medical source that a claimant is "disabled" or "unable to work" does not mean that a claimant must be found to be disabled by the Commissioner. *Id*. at § 404.1527(e)(1). However, "[t]hat's not the same thing as saying that such a statement is improper and therefore to be ignored." *Bjornson v. Astrue*, 671 F.3d 640, 647–48 (7th Cir. 2012). The off-work opinions should have been evaluated under § 404.1527.

The Commissioner attempts to salvage the Decision by proffering several explanations for why the ALJ rejected the opinions of a treating physician. (ECF No. 19 at 5–8). Unfortunately, the Commissioner plainly put more thought into this case than the ALJ because none of the proffered explanations appear in the Decision. It is well-established that the Commissioner cannot raise grounds for affirmance that do not appear in the ALJ's decision. *Hanson v. Colvin*, 760 F.3d 759, 762 (7th Cir. 2014). The Seventh Circuit has gone so far as to refer to attempts to do so as "professional misconduct." *Id*. Even if the Commissioner's arguments have merit, then, they cannot be considered by the Court.

In summary, the ALJ's evaluation of the opinions of Dr. Payne were wholly insufficient to withstand judicial review. There is no logical bridge between the evidence and the Decision; not even an logical lean-to has been constructed. The Decision cannot be sustained, and remand is required.

C.  **Conclusion**

For the foregoing reasons, the ALJ's Decision (R. 32–42) is REVERSED and REMANDED. The Clerk is DIRECTED to enter judgment in favor of Plaintiff and against Defendant.

SO ORDERED on April 26, 2021.

                                         s/ Holly A. Brady
                                         JUDGE HOLLY A. BRADY
                                         UNITED STATES DISTRICT COURT